IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LEQAA KORDIA, | § | |
| | § | |
| *Petitioner-Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | |
| KRISTI NOEM, in her official capacity as Secretary of the Department of Homeland Security; PAMELA BONDI, in her official capacity as Attorney General; TODD LYONS, in his official capacity as Acting Director of Immigration and Customs Enforcement; | § | CIVIL ACTION NO. 3:25-cv-01072-L |
| | § | |
| *Respondents*, | § | |
| | § | |
| JOSH JOHNSON, in his official capacity as Acting Director of Immigration and Customs Enforcement's Enforcement and Removal Operations Dallas Field Office; THOMAS BERGAMI, in his official capacity as Warden of the Prairieland Detention Facility | § | |
| | § | |
| *Respondents-Defendants*. | § | |

**UNOPPOSED MOTION OF THE INTERCEPT MEDIA, INC. TO INTERVENE AND TO LIFT THE REMOTE ACCESS RESTRICTIONS UNDER F.R.C.P. 5.2(c)**

Non-party The Intercept Media, Inc. respectfully moves for leave to intervene and requests that the Court issue an order directing the Clerk of Court to make the judicial records filed in the above-captioned matter electronically accessible to the public. The Parties are unopposed to this motion.

## I. INTRODUCTION & FACTUAL BACKGROUND

The Intercept Media, Inc. publishes The Intercept, a nonprofit digital news outlet that covers the numerous legal challenges around the country to the federal government's detention and attempted deportation of students and protestors.[1] This is one of those cases: the Petitioner-Plaintiff, Ms. Kordia, alleges that she was unjustly detained and placed in removal proceedings, because "she attended a protest to mourn the dozens of family members in Palestine whom she has lost to war since October 7, 2023, and sent money to her family in Palestine." ECF No. 1, ¶ 1.[2]

Ms. Kordia's case, and cases like hers, are matters of profound national importance, because they have fueled a public debate about the scope and legality of the Trump administration's actions regarding non-citizens who allege they were targeted for removal for expressing controversial or dissenting viewpoints. In each case, it is vital that the public have the chance to understand the parties' arguments as well as the evidence upon which the courts evaluate them.

Currently, however, access to the filings in this case is restricted under Rule 5.2(c) of the Federal Rules of Civil Procedure, which prohibits non-parties from remotely accessing the full electronic record via PACER. Under these restrictions, members of the press and the public may only access the full electronic record by visiting the courthouse in person. The Intercept's

---

[1] *See, e.g.*, Natasha Lennard, *Universities Told Students to Leave the Country. ICE Just Said They Didn't Actually Have To*, The Intercept (April 17, 2025), https://theintercept.com/2025/04/17/international-student-visas-deport-dhs-ice/; Jonah Valdez, *In Trump's America, You Can Be Disappeared for Writing an Op-Ed*, The Intercept (Mar. 30, 2025), https://theintercept.com/2025/03/30/tufts-rumeysa-ozturk-ice-immigration-op-ed; Akela Lacy, *Palestinian Student Leader Was Called In for Citizenship Interview — Then Arrested by ICE*, The Intercept (Apr. 14, 2025), https://theintercept.com/2025/04/14/ice-columbia-student-mohsenmahdawi-citizenship-interview; Jonah Valdez, *What Comes Next in Mahmoud Khalil's Fight Against Deportation*, The Intercept (Apr. 12, 2025), https://theintercept.com/2025/04/12/mahmoud-khalil-immigration-hearing-deportation-trump.

[2] The petition is not electronically accessible on the Court's docket, but was made available to the public by Petitioner's counsel: http://splcenter.org/wp-content/uploads/2025/05/leqaa-kordia-petition-writ-habeas-corpus.pdf.

journalists cover this case remotely, and do not have the capacity to travel to Dallas to cover the proceedings or access court filings. Nor should The Intercept spend its limited financial resources to hire a runner to access those records.

Accordingly, The Intercept Media, Inc. moves for leave to intervene and respectfully requests that the Court enter an order directing the Clerk of Court to make all filings in this case accessible electronically, except where the Court has made specific findings that a judicial record, or portions of a judicial record, must remain under seal.[3] *See Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419 (5th Cir. 2021) (courts must "undertake a case-by-case, document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure").

## II. ARGUMENT

### a. The Intercept Media, Inc. Has Standing to Intervene.

The Intercept Media, Inc. has standing to intervene as of right. Fed. R. Civ. P. 24(a); *see 8fig, Inc. v. Stepup Funny, L.L.C.*, 135 F.4th 285, 292-93 (5th Cir. 2025). "To establish standing, [a] news agency must show an injury in fact that is fairly traceable to the challenged act and that is likely to be redressed by the requested remedy." *Davis v. E. Baton Rouge Par. Sch. Bd.*, 78 F.3d 920, 926 (5th Cir. 1996). "Alleged violations of the public right to access judicial records and proceedings and to gather news are cognizable injuries-in-fact sufficient to establish standing." *United States ex rel. Hernandez v. Team Fin., L.L.C.*, 80 F.4th 571, 577 (5th Cir. 2023). The Intercept Media, Inc. has established it has suffered an injury-in-fact, because the limitations on access to the judicial records in this case imposed by Rule 5.2(c) place a substantial obstacle in the

---

[3] In several related cases, this has been accomplished by directing the Clerk to change the "nature of suit" code in the case to No. 530 ("Habeas Corpus"). *See, e.g.*, *J.A.V. v. Trump*, No. 1:25-cv-00072, ECF No. 55 (S.D. Tex. Apr. 25, 2025); *W.M.M. v. Trump*, No. 1:25-cv-00059, ECF No. 53 (N.D. Tex. Apr. 29, 2025).

3

way of The Intercept's ability to timely report on updates in this case, and to accurately evaluate the parties' legal positions as they are filed with the Court. *See 8fig*, 135 F.4th at 293 (news agency not subject to gag order has standing to intervene as of right when sealing order interfered with its "right to gather the news").

Alternatively, The Intercept Media, Inc. has standing to seek permissive intervention. *See* Fed. R. Civ. P. 24(b). All three requirements for permissive intervention are met here. *First*, this motion is timely. The matter was filed on April 30, 2025, and The Intercept Media, Inc. acted quickly to confer with counsel and file this motion. *See E.E.O.C. v. Nat'l Children's Ctr., Inc.* 146 F.3d 1042, 1047 (D.C. Cir. 1998) (noting the "consensus among the courts of appeals that intervention to challenge confidentiality orders may take place long after a case has been terminated."). *Second*, The Intercept Media, Inc.'s motion satisfies Rule 24's "claim-or-defense" requirement, which is "construed liberally." *Newby v. Enron Corp.*, 443 F.3d 416, 422 (5th Cir. 2006). Here, The Intercept Media, Inc. seeks adjudication of whether the Court may keep judicial records from being electronically accessible—a claim which has been routinely recognized and vindicated through intervention. *8fig*, 135 F.4th at 293. *Third*, this motion does not unduly delay or prejudice any existing party's rights because The Intercept Media, Inc. "do[es] not seek to disturb" the underlying resolution (or the scheduling) of this matter. *Baker ex rel. Est. of Baker v. Castro*, No. H-15-3495, 2020 WL 2235179, at *4 (S.D. Tex. May 7, 2020).

Through the lens of either mandatory or permissive intervention, because "representatives of the press and general public 'must be given an opportunity to be heard on the question of their exclusion'" when access to records is at stake, The Intercept Media, Inc.'s motion to intervene should be granted. *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 609 n.25 (1982) (quoting *Gannett Co. v. DePasquale* 443 U.S. 368, 401 (1979) (Powell, J., concurring)).

      *b. The Intercept Media, Inc. and the Public Have a Common Law and First Amendment Right to Electronically Access These Records.*

Press and public access to judicial records "serves to promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of its fairness." *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 849 (5th Cir. 1993) (quoting *Littlejohn v. Bic Corp.*, 851 F.2d 673, 682 (3rd Cir. 1988)). For these reasons, the public has the right to inspect and copy judicial records under both common law and the First Amendment. *Id.* at 848 (common law right) ((citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (recognizing right to inspect and copy public records and documents, including judicial records and documents)). *But see United States v. Ahsani*, 76 F.4th 441, 451 (5th Cir. 2023) (noting that other circuits, but not the Fifth Circuit, have extended the First Amendment right of access to judicial records related to criminal proceedings).

      Under the common law, although each court has "supervisory power" over its own records and may deny access "where court files might have become a vehicle for improper purposes," the discretion to limit access to judicial records and files should be exercised "charily." *Van Waeyenberghe*, 990 F.2d at 848. A court must typically "articulate its reasons to support sealing the [documents] with a level of detail that will allow for [appellate] review." *United States v. Sealed Search Warrants*, 868 F.3d 385, 397 (5th Cir. 2017). The degree of particularity is case-specific, but the Court's analysis must be "document-by-document" and "line-by-line." *Id.*; *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 521 (5th Cir. 2022) (quoting *Le*, 990 F.3d at 419)). Here, the application of Rule 5.2(c) frustrates the right of The Intercept and the broader public to track contemporaneous case developments that are not contained in docket text, or "an opinion, order, judgment, or other disposition of the court[.]" Fed. R. Civ. P. 5.2(c)(2)(A), (B); *see also* Hon. Jennifer Walker Elrod, Hon. Don Willett, & Brian M. Miller, *Walking in the Light: On the*

5

*Overuse of Sealing in Court Records*, THE ADVOCATE, at 27 (Fall 2022) ("[W]here much of the record is under seal, the public has almost no way to monitor the behavior of the parties to the case."). The immense public interest in this case necessitates the kind of "document-by-document" review ordinarily required before a judicial record may be withheld from public view.

Likewise, a presumption of access under the First Amendment has attached to these records. *See In re Guantanamo Bay Detainee Litig.*, 624 F. Supp. 2d 27, 35-38 (D.D.C. 2009) (holding there is a historic tradition of providing the public access to habeas proceedings, and that access plays a "significant positive role in the function" of those proceedings (quoting *Press-Enterprise Co. v. Super. Ct.* (*Press-Enterprise II*), 478 U.S. 1, 8 (1986)). That presumption may be overcome "only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Press-Enterprise II*, 478 U.S. at 9. As with the common law right, the inquiry is "case-by-case," and any asserted interest in sealing must be "articulated along with findings specific enough that a reviewing court can determine whether the closure order was properly entered." *Id.*; *In re Hearst Newspapers, L.L.C.*, 641 F.3d 168, 181 (5th Cir. 2011). Here, no overriding interest justifies the wholesale denial of remote electronic access to the judicial records; nor is the blanket closure of electronic access required by Rule 5.2(c) narrowly tailored to serve that interest. To the contrary, a rule withholding electronic access from the public could only be narrowly tailored if, at a minimum, it satisfies the requirement that access to each record be limited on a "document-by-document" and "line-by-line" basis. *June Med.*, 22 F.4th at 521.

  c. *Electronic Access is the Norm in Similar Cases.*

Courts have long recognized that the right of public access to judicial records is a "fundamental element of the rule of law, important to maintaining the integrity and legitimacy of

an independent Judicial Branch." *Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 665 (D.C. Cir. 2017). Adhering to that principle, the courts handling cases raising similar claims as this matter have uniformly lifted the limitations on electronic access imposed by Rule 5.2(c). *See, e.g.*, *Khalil v. Joyce*, No. 1:25-cv-01935, ECF No. 35 (S.D.N.Y. Mar. 12, 2025); *G.F.F. v. Trump*, No. 1:25-cv-02886, ECF No. 39 (S.D.N.Y. Apr. 15, 2025); *A.S.R. v. Trump*, No. 3:25-cv-00113, ECF No. 46 (W.D. Pa. Apr. 25, 2025); *J.A.V. v. Trump*, No. 1:25-cv-00072, ECF No. 55 (S.D. Tex. Apr. 25, 2025).

Accordingly, The Intercept Media, Inc. respectfully asks that the Court do the same and lift the restrictions under Rule 5.2(c) in this matter. Doing so not only facilitates more accurate and thorough press coverage of these proceedings; it also serves a "major purpose" of the First Amendment—"to protect the free discussion of governmental affairs" so that the public "can effectively participate in and contribute to our republican system of self-government." *Globe Newspaper*, 457 U.S. at 604 (quoting *Mills v. Alabama*, 384 U.S. 214, 218 (1966)).

### III. CONCLUSION

For the foregoing reasons, the Court should grant The Intercept Media Inc.'s motion and direct the Clerk of Court to make all previous and future filings in this case electronically accessible.

Date: May 30, 2025					Respectfully Submitted,

*/s/ Peter B. Steffensen*
Peter B. Steffensen
Texas Bar No. 24106464
SMU DEDMAN SCHOOL OF LAW
FIRST AMENDMENT CLINIC
P.O. Box 750116
Dallas, Texas 75275
Telephone: (214) 768-4077
Fax: (214) 768-1611
psteffensen@smu.edu

Thomas S. Leatherbury
Texas Bar No. 12095275
THOMAS S. LEATHERBURY LAW, PLLC
Cumberland Hill School Building
1901 N. Akard St.
Dallas, Texas 75201
Telephone: (214) 213-5004
tom@tsleatherbury.com

**CERTIFICATE OF CONFERENCE**

I hereby certify that on May 27, 2025, counsel for The Intercept Media, Inc. conferred with counsel for the Parties via e-mail regarding this motion. On May 28, 2025, counsel for Respondents and Respondent-Defendants stated they are unopposed. On May 29, 2025, counsel for Plaintiff-Petitioner stated she is unopposed.

*/s/ Peter B. Steffensen*
Peter B. Steffensen

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.

*/s/ Peter B. Steffensen*
Peter B. Steffensen