IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LEQAA KORDIA, <br><br> *Petitioner-Plaintiff*, <br><br> v. <br><br> KRISTI NOEM, in her official capacity as Secretary of the Department of Homeland Security; PAMELA BONDI, in her official capacity as Attorney General; TODD LYONS, in his official capacity as Acting Director of Immigration and Customs Enforcement; <br><br> *Respondents*, <br><br> JOSH JOHNSON, in his official capacity as Acting Director of Immigration and Customs Enforcement's Enforcement and Removal Operations Dallas Field Office; THOMAS BERGAMI, in his official capacity as Warden of the Prairieland Detention Facility <br><br> *Respondents-Defendants*. | § § § § § § § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 3:25-cv-01072-L |

## ORDER

Before the Court is The Intercept Media, Inc.'s Motion to Intervene and to Lift the Remote Access Restrictions Under F.R.C.P. 5.2(c). Having considered the Motion and noting that it is unopposed by the Parties, and for good cause shown, the Court GRANTS The Intercept Media, Inc.'s Motion. The Court ORDERS that the limitations on remote access to electronic files otherwise applicable in this case, *see* Fed. R. Civ. P. 5.2(c), are lifted. Accordingly, the Clerk of Court is directed to lift all viewing restrictions on the docket—*i.e.*, to make all prior filings electronically available to the public. All future filings shall be publicly available unless the Court

1

2

grants leave to file under seal or in redacted form. If necessary, the Clerk of Court may change the nature of suit code to No. 530, "Habeas Corpus," thereby lifting the limitations on remote electronic access to the docket imposed by Rule 5.2(c).

Entered on _____, 2025.

_____
Hon. Sam A. Lindsay
United States District Judge