IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LEQAA KORDIA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Case No. 3:25-cv-1072-L-BT |
| | § | |
| KRISTI NOEM, *et al.*, | § | |
| | § | |
| Respondents. | § | |

**ORDER**

In connection with the hearing on Petitioner Leqaa Kordia's Motion for Preliminary Injunction Ordering Release Pending Final Judgment–which is set for June 5, 2025 at 10:00 a.m.—Petitioner asks the Court (1) to establish a remote attendance option for her family, friends, and other interested members of the public, *see* ECF No. 46, and (2) to permit her to be physically present at the hearing or, alternatively, to attend the hearing remotely, *see* ECF No. 45. The Court hereby GRANTS Petitioner's first request and her alternative request to attend the hearing remotely.

Judicial Conference policy generally does not allow courtroom proceedings in the district courts to be broadcast, televised, recorded, or photographed for the purpose of public dissemination. *See* JCUS-SEP 2023, p. 10 (https://www.uscourts.gov/sites/default/files/jcus_sep_2023_proceedings_0.pdf). However, a judge presiding over a civil non-trial proceeding may, in the judge's

1

discretion, authorize live remote public audio access to any portion of that proceeding in which a witness is not testifying. *Id*. The June 5 hearing on Petitioner's Motion for Preliminary Injunction Ordering Release Pending Final Judgment is a civil non-trial proceeding. The hearing will be limited to attorney argument on legal issues and no witnesses will testify. Thus, the Court, in its discretion, GRANTS Petitioner's request (ECF No. 46) to establish a remote option for interested members of the public to attend the June 5 hearing and AUTHORIZES live audio streaming via the following link: https://youtube.com/live/yKExDVr0A3o?feature=share.

The Court further GRANTS Petitioner's alternative request (ECF No. 45) to attend the June 5 hearing remotely and ORDERS Respondents to provide the necessary equipment and internet access to enable Petitioner to listen to the June 5 hearing via the above platform designated for public access.

The Court retains the authority to limit or revoke remote audio access if it interferes with the administration of justice or the rights of the parties involved.

Remote access will be available only for the duration of the June 5 hearing and will not be archived for later access. A certified court reporter will create an official transcript of the June 5 hearing. If necessary, the parties or members of the public may contact the Clerk of Court to request a copy of the official transcript.

MEMBERS OF THE PUBLIC ACCESSING THE PROCEEDINGS REMOTELY ARE PROHIBITED FROM RECORDING, BROADCASTING, OR REDISTRIBUTING THE AUDIO IN ANY FORM. Participants accessing the audio

remotely may be required to register or provide identifying information to ensure compliance with court rules.

During the hearing, the parties will adhere to their responsibilities to safeguard any confidential, sensitive, or otherwise protected information.

The Court DENIES Petitioner's request to permit her to be physically present at the June 5 hearing (ECF No. 45). As Petitioner acknowledges, because she is in ICE custody, it would be necessary for the court to issue a writ of *habeas corpus ad testificandum* in order for Petitioner to be physically present in court during the June 5 hearing. "A district court has the power to procure a prisoner's presence and testimony through issuance of the writ of *habeas corpus ad testificandum*." *Latiolais v. Whitley*, 93 F.3d 205, 208 (5th Cir. 1996) (citing *Ballard v. Spradley*, 557 F.2d 476, 480 (5th Cir. 1977) (citing 18 U.S.C. § 2241(c)(5))). "Whether to issue the writ rests within the sound discretion of the district court." *Id.* (citing *Ballard*, 557 F.2d at 480). Among the factors that inform the Court's discretion are: "whether the prisoner's presence will substantially further the resolution of the case, the security risks presented by the prisoner's presence, the expense of the prisoner's transportation and safekeeping, and whether the suit can be stayed until the prisoner is released without prejudice to the cause asserted." *Id.* (quoting *Ballard*, 557 F.2d at 480).

Considering these factors, the Court declines to issue a writ of *habeas corpus ad testificandum*. First, the June 5 hearing will be limited to attorney argument on legal issues and Petitioner is not expected to testify. Thus, her presence will not

3

substantially further the resolution of the case. Petitioner's counsel can confer with her before and after the hearing to ensure her full understanding of the arguments made and the record in this case, and the Court has ordered Respondents to provide the necessary equipment and internet access to enable Petitioner to listen to the June 5 hearing via the official platform designated for public access. If technical difficulties disrupt the audio stream, Petitioner's counsel can order an official transcript to review with her later. Further, while the Court may be able to mitigate any security risk Petitioner's presence may present, ensuring her presence will certainly involve some expense related to her transportation and safekeeping. The Court can minimize these expenses and any security risk by allowing her to attend the June 5 hearing remotely via the official platform above designated for public access. Finally, although the suit cannot be stayed pending any potential release, this factor does not outweigh the other considerations which favor against issuing a writ of *habeas corpus ad testificandum.* Thus, in its discretion, the Court declines to issue a writ ordering Petitioner's physical presence at the June 5 hearing.

Any press or public inquiries regarding remote access to the June 5 hearing may be directed to the Clerk of Court at (214) 753-2200.

**SO ORDERED.**

June 2, 2025.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE