UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LEQAA KORDIA, | § | |
| | § | |
| | § | |
| Petitioner-Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:25-cv-1072-L-BT |
| | § | |
| KRISTI NOEM et al., | § | |
| | § | |
| Respondents-Defendants. | § | |
| | § | |
| | § | |

**PETITIONER'S SUPPLEMENTAL BRIEF IN SUPPORT OF HER
AMENDED PETITION FOR WRIT OF HABEAS CORPUS**

## I.    INTRODUCTION

For the second time in this case, employees of Respondent Noem (Secretary of the Department of Homeland Security ("DHS")) requested a discretionary stay on an emergency basis, and employees of Respondent Bondi (Attorney General) granted it. Ms. Kordia submits this brief to make two points: (A) This Court has an undisputed and well-developed record demonstrating that Respondents are confining Ms. Kordia (i) as retaliation for core First Amendment activity and (ii) without a legally cognizable purpose, in violation of her substantive due process rights. The second unreasoned order of the Board of Immigration Appeals ("BIA") granting DHS's "emergency" request for a discretionary stay only underscores the necessity of this Court's intervention on these claims. (B) The BIA's grant of a discretionary stay does not moot Ms. Kordia's challenge to the automatic-stay provision, meaning this Court can still issue relief on that basis.

## II.    ARGUMENT

### A.    Respondents' Procedural Gamesmanship in the Bond Proceedings Underscores the Importance of Swift Judicial Intervention on Ms. Kordia's First Amendment and Substantive Due Process Claims.

This Court should grant the Amended Petition on the basis of Ms. Kordia's First Amendment and substantive due process claims. Reply, Dkt. 80 at 20–29 ("Reply").[1]

**First,** this Court has an undisputed and well-developed record demonstrating that Respondents are confining Ms. Kordia pursuant to a coordinated policy of targeting noncitizens who have, or are believed to have, expressed support for Palestinian rights. Reply at 21–25.[2] DHS's

---

[1] References to page-numbers of filings herein refer to the page-numbers that the Case Management / Electronic Court Filing system stamped across the top of the filings.

[2] *See also* Findings of Fact and Rulings of Law, *AAUP v. Rubio*, No. 25-cv-10685, Dkt. 261 at 95 (D. Mass. Sep. 30, 2025) (making factual finding about the existence of an ideologically-driven immigration-enforcement policy targeting "a few for speaking out and then us[ing] the full rigor of the Immigration and Nationality Act (in ways it had never been used before) to have them publicly deported with the goal of tamping down pro-Palestinian student protests

request for, and the BIA's grant of, a second discretionary stay merely shows that Respondents will stop at nothing to keep Ms. Kordia confined as punishment for her speech.

**Second,** the discretionary stay also demonstrates the danger in accepting Respondents' attempts to avoid judicial review on these claims. Respondents have repeatedly argued that this Court has no jurisdiction to reach Ms. Kordia's First Amendment and substantive due process claims and that Ms. Kordia can only seek relief through the administrative process. *See, e.g.*, Resp. to Am. Pet., Dkt. 76 at 15–26 ("Resp."). But in the six months since Ms. Kordia first sought her liberty through the administrative process, she remains confined because no adjudicator in that process can reach her constitutional claims. *See* Reply at 20, 29–31. Thus, on Respondents' view, Ms. Kordia remains trapped in an administrative maze of procedures, unable to assert her First Amendment and substantive due process claims before any forum. The Supreme Court, though, has repeatedly instructed courts to avoid such a result. *Webster v. Doe*, 486 U.S. 592, 603 (1988) (Courts should "avoid the 'serious constitutional question' that would arise if a federal statute were construed to deny any judicial forum for a colorable constitutional claim.") (citation modified); *Zadvydas v. Davis*, 533 U.S. 678, 692 (2001) (similar). Only this Court can put an end to this calculated loop of retaliatory incarceration by exercising its proper habeas jurisdiction and ordering Ms. Kordia's release on her First Amendment and substantive due process claims. *See Mahdawi v. Trump*, 136 F.4th 443, 452 (2d Cir. 2025).

**Third,** the discretionary stay bolsters Ms. Kordia's substantive due process claim. For starters, Respondents have failed to offer a single rebuttal to the voluminous evidence demonstrating that Ms. Kordia's continued confinement has no relation to the government's interests in public safety or preventing flight. Reply at 27–29. At her second bond hearing, DHS

---

and terrorizing similarly situated non-citizen (and other) pro-Palestinians into silence because their views were unwelcome"); *id.* at 100–01, 116–35 (reaching conclusions of law that the policy violates the First Amendment).

conceded that Ms. Kordia had met her burden to prove her release would not pose a danger to the community, Dkt. 73-1 at 5 (PX 1, Decl. of Sarah Sherman-Stokes ¶ 6), which was the basis of the BIA's remand, Am. Pet. ¶ 176.

Now, the BIA's unreasoned order grants another discretionary stay prolonging Ms. Kordia's confinement without explanation. Dkt. 82-1 at 65 (BIA Grant of Stay). This order was issued without any adversarial briefing at all. Dkt. 82 at 1. And there is no standard the BIA must apply prior to issuing such a stay. *See Hamama v. Adducci*, No. 17-cv-11910, 2018 WL 1905074, at *2 (E.D. Mich. Apr. 23, 2018) ("The discretionary stay process . . . lack[s] [] clear decisional standards.") *overruled on other grounds* 912 F.3d 869 (6th Cir. 2018); *see also Giaccio v. State of Pa.*, 382 U.S. 399, 403 (1966) (due process requires clear legal standards). Respondents claim that Ms. Kordia's confinement is justified by her lapse in lawful status, Resp. at 26–28, but this is not a constitutionally sufficient basis for confinement, Reply at 27–29. The BIA's second, unreasoned order does nothing to unsettle that conclusion and instead only reflects wrongful governmental motives for ongoing confinement.

## B. The BIA's Grant of a Discretionary Stay Does Not Moot Ms. Kordia's Challenge to the Automatic-Stay Provision.

**First,** the injury inflicted by the automatic-stay provision is capable of repetition yet evading review. *See* Dkt. 60 at 9–10. The capable of repetition yet evading review exception applies where "(1) 'the challenged action [is] in its duration too short to be fully litigated prior to cessation or expiration,' and (2) 'there [is] a reasonable expectation that the same complaining party [will] be subject to the same action again.'" *Kingdomware Techs., Inc. v. United States*, 579 U.S. 162, 170 (2016) (quoting *Spencer v. Kemna*, 523 U.S. 1, 17 (1998)) (alterations in original). Both these requirements are met here. As this Court has already experienced, the automatic-stay provision is not only of a limited duration but can also be mooted out immediately by Respondents.

Indeed, just a few days after Judge Rutherford found the automatic-stay provision likely unconstitutional, Dkt. 53, Ms. Kordia was no longer confined under it, Dkt. 59 at 10–11. Similarly, after the immigration judge's second bond order, Ms. Kordia filed a Motion for Temporary Restraining Order challenging the second invocation of the automatic stay. Dkt. 73. But in less than two weeks, DHS had sought and received a discretionary stay. Dkt. 82. Thus, any further automatic stay of Ms. Kordia's release is inherently likely to expire prior to being fully litigated. *See Cruz v. Hauck*, 627 F.2d 710, 717 (5th Cir. 1980).

There is also a "reasonable expectation" DHS will reinvoke the automatic stay. *Kingdomware Techs., Inc.*, 579 U.S. at 170. Indeed, DHS has *already repeated* the challenged conduct. First, days after Judge Rutherford found the automatic stay likely unconstitutional, DHS sought a discretionary stay, which the BIA granted in less than 24 hours, in an unreasoned order depriving Ms. Kordia of any meaningful opportunity to respond. Am. Pet. ¶ 175. Then, after the immigration judge again found Ms. Kordia releasable on bond, DHS again automatically perpetuated her confinement by merely filing a notice of intent to appeal, which automatically stayed the bond order for a period of ten business days from the issuance of the order. Dkt. 73-1 at 89 (PX 3, Form EOIR-43, Aug. 28, 2025); 8 C.F.R. § 1003.6(c)(1). DHS's bond appeal is once again pending before the BIA. If the BIA rules in Ms. Kordia's favor, DHS can once again invoke the automatic-stay provision, either by referring a favorable BIA decision to the Attorney General, 8 C.F.R. § 1003.6(d), or subsequent to another remand. Thus, there is a reasonable expectation the challenged conduct (confinement pursuant to the automatic-stay provision) will happen again.

**Second,** Respondents' voluntary cessation cannot moot Ms. Kordia's challenge. Respondents may not "automatically moot a case by the simple expedient of suspending its challenged conduct after it is sued." *F.B.I. v. Fikre*, 601 U.S. 234, 241 (2024) (citation modified).

Voluntary cessation can only moot a claim if the defendant demonstrates "it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Envtl. Services (TOC), Inc.*, 528 U.S. 167, 190 (2000) (citation modified). "The heavy burden of persua[ding] the court that the challenged conduct cannot reasonably be expected to start up again lies with the party asserting mootness." *Id*. (citation modified).

Here, Respondents cannot meet their burden to establish mootness. *Supra* at 4. Indeed, DHS's labeling of their discretionary stay motions as "emergencies," Dkt. 82-1 at 19; Dkt. 71-1 at 132 (DHS Mots. for Stay), and the BIA's granting of those motions without affording Ms. Kordia the opportunity to respond, reflects nothing more than DHS's attempt to evade this Court's review of the automatic-stay provision. By regulation, an automatic stay remains in effect while the BIA decides whether to grant a discretionary stay, including for up to thirty days after the ninety-day automatic-stay window. 8 C.F.R. § 1003.6(c)(5). The only "emergency," it appears, was DHS's desire to avoid this Court's decision on the constitutionality of the automatic stay. That procedural gamesmanship cannot moot Ms. Kordia's claim.

Because Ms. Kordia's challenge to the automatic-stay provision is not moot, this Court should order her release on the terms set by the immigration judge pending DHS's appeal of the immigration judge's bond decision. Reply at 35. Alternatively, this Court should directly provide constitutionally adequate process to determine whether Ms. Kordia's continued confinement serves a cognizable government interest.

### III.    CONCLUSION

For the foregoing reasons, this Court should grant Ms. Kordia's Amended Petition on each of her claims and order Respondents to immediately release Ms. Kordia from custody.

Dated: September 30, 2025

Respectfully submitted,

*/s/ Travis Walker Fife*
Travis Walker Fife
Texas State Bar No. 24126956
Randall Hiroshige
Texas State Bar No. 24124299
Texas Civil Rights Project
P.O. Box 1108
Houston, Texas 77251-1108
travis@texascivilrightsproject.org
randy@texascivilrightsproject.org

Charles S. Siegel
Texas State Bar No. 18341875
Caitlyn Silhan
Texas State Bar No. 24072879
Waters Kraus Paul & Siegel
3141 Hood Street, Suite 200
Dallas, Texas 75219
Telephone: 214-357-6244
Facsimile: 214-357-7252
siegel@waterskraus.com
csilhan@waterskraus.com

Molly Petchenik
Texas State Bar No. 24134321
Texas Civil Rights Project
P.O. Box 17757
Austin, Texas 78760
Telephone: 512-474-5073
Facsimile: 512-474-0726
molly@texascivilrightsproject.org

Daniel Hatoum
Texas State Bar No. 24099136
Erin D. Thorn*
Texas State Bar No. 24093261
Texas Civil Rights Project
P.O. Box 219
Alamo, Texas 78516
Telephone: 512-474-5073
daniel@texascivilrightsproject.org
erin@texascivilrightsproject.org

Naz Ahmad*
New York State Bar No. 5327424
Amal Thabateh*
New York State Bar No. 5923826
CUNY School of Law
2 Court Square West, 5th Floor
Long Island City, NY 11101
(718) 340-4630
naz.ahmad@law.cuny.edu
amal.thabateh@law.cuny.edu

Golnaz Fakhimi*
New York State Bar No. 5063003
Sadaf Hasan*
New York State Bar No. 6046023
Muslim Advocates
1032 15th Street Northwest, Unit 362
Washington, D.C. 20005
(202) 655-2969
golnaz@muslimadvocates.org
sadaf@muslimadvocates.org

* *Admitted to practice PHV*

**ATTORNEYS FOR PETITIONER-
PLAINTIFF**

6

**CERTIFICATE OF SERVICE**

I certify that on September 30, 2025, a true and correct copy of this document was properly

served on all counsel of record in accordance with the Federal Rules of Civil Procedure.

*/s/ Travis Walker Fife*
Travis Walker Fife