IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

_____

LEQAA KORDIA,

    Petitioner-Plaintiff,

v.

KRISTI NOEM, *et al.*,

    Respondents-Defendants.

Civil Action No. 3:25-CV-1072-L-BT

## **RESPONDENTS' SUPPLEMENTAL BRIEF**

The government files this supplemental brief at the Court's invitation to address the impact of petitioner Leqaa Kordia's recent notice that she is now detained pursuant to a discretionary stay granted by the Board of Immigration Appeals (BIA), rather than pursuant to any automatic stay of the type the U.S. Department of Homeland Security (DHS) has regulatory authority to invoke without the need for BIA approval. As explained below, the use of the discretionary stay provision in connection with Kordia's case is significant for two reasons: (1) it gave Kordia what she was arguing for at the beginning of the case, and has mooted her procedural due process challenge to the automatic stay; and (2) it further highlights why there is no jurisdiction to review the discretionary decision to detain Kordia.

\* \* \* \* \*

1. **Kordia has now received what she said she wanted—consideration by the BIA of whether to stay her release, rather than only a unilateral decision by DHS.**

At the outset of this litigation, Kordia was in detention pursuant to an automatic stay that DHS had invoked, and she alleged that this violated her procedural due process rights because the automatic stay left her with "no ability to be heard at a meaningful time nor present argument to a neutral arbiter" and because "neither an immigration judge nor the BIA conducts any substantive review of DHS's basis for seeking the self-executing stay before it goes into effect."  (ECF No. 1, ¶¶ 158, 160.)  Kordia contrasted the automatic stay, which in her opinion was constitutionally deficient for these reasons, with the separate discretionary stay that may be obtained from the BIA (which thus apparently represents the "neutral arbiter" that Kordia had in mind in the above statement).  Kordia explained that "[u]nlike the automatic stay provision here, a discretionary stay requires DHS to justify the confinement of the individual to the BIA and gives the noncitizen the opportunity to respond," and she further argued in favor of the discretionary stay by asserting that "[p]ermitting the BIA to determine whether a stay of release is in fact warranted reduces the risk of erroneous deprivation without any meaningful costs to the government."  (ECF No. 1, ¶ 175.)

Kordia has now received what she said she wanted when she first filed this case:  a "neutral arbiter"—the BIA—has weighed in on the issue of whether she should be detained pending completion of the current administrative appeal of the immigration judge's bond decision, and has granted a discretionary stay.  Moreover, even in her current amended petition, Kordia does not advance any claim that the BIA's discretionary

stay procedure violates procedural due process; instead, she asserts only (in Count III) that the automatic stay violates procedural due process. (*See* ECF No. 69.[1]) Given that the discretionary stay is now the basis for her detention, Count III is moot and there is no live claim challenging the discretionary stay provision on procedural due process grounds.

2. **The BIA's decision to grant a discretionary stay highlights that no jurisdiction exists to review the substance of the government's decision whether to detain Kordia or release her on bond.**

As the Court may recall, the government has consistently argued in this case that no jurisdiction exists to review the government's discretionary decision to detain Kordia pending completion of her removal proceedings because 8 U.S.C. §§ 1226(e) and 1252(a)(2)(B) bar judicial review of the decision to detain her. The fact that Kordia is currently in detention by order of the BIA further highlights that Congress has very deliberately chosen not to vest the federal courts with jurisdiction to superintend every aspect of immigration detainees' bond or parole status during pending removal proceedings, and in fact has expressly precluded such jurisdiction. If decisions like the BIA's grant of a discretionary stay (not to mention whatever decision the BIA ultimately makes in Kordia's still-pending administrative bond appeal) were in fact subject to judicial review, one would expect to see such cases routinely litigated in district court, in the same way that *Zadvydas* challenges are commonly seen in district court, for example.

---

[1] Kordia does have a separate procedural due process claim in which she challenges the BIA's precedent that places the burden of proof on the alien at the bond hearing before ethe immigration judge to establish that they are neither a danger to the community nor a flight risk. (*See* ECF No. 69 (Count IV).) However, this has nothing to do with the discretionary stay provision and in fact, Kordia prevailed in front of the immigration judge notwithstanding that she may have had the burden of proof.

But there is no such body of district-court caselaw reviewing the substance of the BIA's bond determinations. That confirms that §§ 1226(e) and 1252(a)(2)(B) mean what they say, and that there is no jurisdiction for such claims. Kordia's substantive habeas claims in Counts I and II should therefore be dismissed for lack of jurisdiction.

Respectfully submitted,

NANCY E. LARSON
ACTING UNITED STATES ATTORNEY

/s/ Brian W. Stoltz
Brian W. Stoltz
Assistant United States Attorney
Texas Bar No. 24060668
1100 Commerce Street, Third Floor
Dallas, Texas 75242
Telephone: 214-659-8626
Facsimile: 214-659-8807
brian.stoltz@usdoj.gov

Attorneys for Respondents-Defendants

Certificate of Service

On September 30, 2025, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ Brian W. Stoltz
Brian W. Stoltz
Assistant United States Attorney
