**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| LEQAA KORDIA, § | |
| § | |
| Petitioner-Plaintiff, § | |
| § | CIVIL ACTION NO. 3:25-cv-1072-L-BT |
| v. § | |
| § | |
| KRISTI NOEM et al., § | |
| § | |
| Respondents-Defendants. § | |

**JOINT STATUS REPORT CONCERNING PETITIONER'S REMOVAL PROCEEDINGS**

Petitioner-Plaintiff Leqaa Kordia ("Ms. Kordia") and Respondents (together, "the Parties") write to inform the Court that on November 3, 2025, the immigration judge issued an order for Ms. Kordia to be removed, but also granted Ms. Kordia withholding of removal as to Israel (based on finding that it is more likely than not that Ms. Kordia would face persecution if removed to Israel, the country the U.S. Department of Homeland Security ("DHS") designated for removal; this means, assuming this order becomes final after appeal, that DHS could not remove Ms. Kordia to Israel but could pursue removal options to other countries). The immigration judge otherwise denied Ms. Kordia asylum. The Parties jointly submit their respective position statements herein, to address the relationship between these developments in the removal proceedings and the habeas proceedings before this Court.

*PETITIONER'S POSITION STATEMENT*

The immigration judge's grant of withholding of removal to Ms. Kordia undercuts the sole remaining justification Respondents have provided within the administrative proceedings

concerning Ms. Kordia's custody. The only cognizable legal interests Respondents may have in Ms. Kordia's immigration confinement are preventing danger to the community or flight from immigration enforcement. *See, e.g.*, Ver. Am. Pet. for Writ of Habeas Corpus, Request for Order to Show Cause, & Compl. for Decl. and Inj. Relief ¶¶ 190–200 ("Am. Pet."), Dkt. 69 (citing *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001)). In the administrative proceedings, Respondents have abandoned any claim that Ms. Kordia presents a danger. *See, e.g.*, Pet'r's Reply in Supp. of Her Am. Pet. for Writ of Habeas Corpus at 27–29, Dkt. 80 (Pet'r's Reply ISO Am. Pet.").[1] Instead, Respondents have asserted in the administrative custody proceedings that Ms. Kordia supposedly presents a flight risk. *Id.* But they have not argued, let alone corroborated with evidence, why any supposed flight risk would not be addressed by conditioning her release on reasonable terms, such as paying a bond.

Before this Court and the agency, Ms. Kordia has consistently maintained she presents no flight risk. *See, e.g.*, Pet'r's' Reply ISO Am. Pet. at 27–29, Dkt. 80; Pet'r's Suppl. Br. at 2–6, Dkt. 84; Am. Pet. at ¶¶ 167–77. The November 3, 2025, grant of withholding of removal only bolsters that point because it is a form of protection against removal that Ms. Kordia is motivated to defend vigorously against any related government appeal. Ms. Kordia also intends to appeal the denial of asylum to the Board of Immigration Appeals and, if needed, on a petition for review before the Fifth Circuit. As such, she has every incentive to continue attending court and fighting removal through the administrative process, which could take months or even years.[2]

---

[1] References herein to page numbers from the Parties' filings refer to the ECF-stamped page numbers across the top of the filings.
[2] As Ms. Kordia intends to appeal the denial of asylum, any continued civil immigration confinement, through the conclusion of an eventual petition for review of a removal order, would be covered by 8 U.S.C. § 1226(a). It is only when her removal order becomes final that the statutory authority for her confinement would switch to 8 U.S.C. § 1231(a).

The grant of withholding of removal further demonstrates that Respondents have no lawful interest in Ms. Kordia's continued confinement. Every additional day Ms. Kordia spends in immigration confinement, she suffers irreparable harm. Respondents are depriving her of both her physical liberty, in violation of the Fifth Amendment, and of her ability to attend protests and events supporting the lives and dignity of Palestinians, in violation of the First Amendment. *See, e.g.*, Reply ISO Am. Pet. at 8–37, Dkt. 80. She therefore respectfully urges the Court to recommend her immediate release based on her constitutional claims, which only this Court, and not the agency, has the power to reach.[3]

*RESPONDENTS' POSITION STATEMENT*

Respondents continue to adhere to their position that this Court's role is not to second-guess or superintend the bond proceedings that are occurring in immigration court and/or at the Board of Immigration Appeals in connection with Kordia's removal proceedings. In any event, this Court does not have before it the full record of the removal proceedings, including any transcript of the hearing in front of the immigration court or even the full text of the removal order itself, so it is respectfully submitted that these matters are of limited or no relevance to the legal issues presented by this habeas action (including, most notably, the jurisdictional question of whether the federal district courts have jurisdiction to review bond decisions in the context of ongoing administrative proceedings in the manner that Kordia is seeking).

In any event, even if the recent removal/withholding decision were relevant, respondents note that the decision also denied asylum to Kordia based on a finding that Kordia was attempting to engage in a "manipulation of the asylum process," and that "[h]er actions demonstrate a circumvention of the purpose behind asylum relief." The fact that Kordia was denied asylum—

---

[3] DHS's administrative appeal to the BIA of the second custody-redetermination order by the immigration judge remains pending.

which effectively would have allowed her to stay in the United States indefinitely—and instead was ordered removed while only receiving the limited relief of withholding of removal as to Israel, means that Kordia does now face a substantial likelihood that she will in fact be removed (if the immigration court's order sticks on appeal). That is because under the removal order (again, assuming it is affirmed on appeal), the government can now attempt to remove Kordia to *any* country other than Israel (a so-called third-country removal). As Kordia and her counsel are no doubt aware, this is something that the government has been actively pursuing against many aliens for whom removal to their designated country of removal is infeasible or impossible, so therefore if released on bond, an alien in Kordia's position may very well have a strong incentive to abscond from supervision in an attempt to remain in the country instead of facing removal to a third country. Again, though, this is the kind of analysis that the immigration court and the Board of Immigration Appeals are tasked with making when determining whether to grant bond under the existing administrative scheme that has been set up precisely for this task. These sorts of questions are not the province of the federal district courts in a habeas proceeding.

Respectfully submitted,

*/s/ Travis Walker Fife*
Travis Walker Fife
Texas State Bar No. 24126956
Randall Hiroshige
Texas State Bar No. 24124299
Texas Civil Rights Project
P.O. Box 1108
Houston, T.X. 77251-1108
Telephone: 512-474-5073
Facsimile: 512-474-0726
travis@texascivilrightsproject.org
randy@texascivilrightsproject.org

Charles S. Siegel
Texas State Bar No. 18341875
Caitlyn Silhan
Texas State Bar No. 24072879
Waters Kraus Paul & Siegel
3141 Hood Street, Suite 200
Dallas, T.X. 75219
Telephone: 214-357-6244
Facsimile: 214-357-7252
siegel@waterskraus.com
csilhan@waterskraus.com

Molly Petchenik
Texas State Bar No. 24134321
Texas Civil Rights Project
P.O. Box 17757
Austin, T.X. 78760
Telephone: 512-474-5073
Facsimile: 512-474-0726
molly@texascivilrightsproject.org

Daniel Hatoum
Texas State Bar No. 24099136
Texas Civil Rights Project
P.O. Box 219
Alamo, T.X. 78516
Telephone: 512-474-5073
Facsimile: 512-474-0726
daniel@texascivilrightsproject.org

Dated: November 18, 2025

Naz Ahmad*
New York State Bar No. 5327424
Amal Thabateh*
New York State Bar No. 5923826
CUNY School of Law
2 Court Square West, 5th Floor
Long Island City, N.Y. 11101
Telephone: 718-340-4630
naz.ahmad@law.cuny.edu
amal.thabateh@law.cuny.edu

Golnaz Fakhimi*
New York State Bar No. 5063003
Sadaf Hasan*
New York State Bar No. 6046023
Muslim Advocates
1032 15th Street Northwest, Unit 362
Washington, D.C. 20005
Telephone: 202-655-2969
golnaz@muslimadvocates.org
sadaf@muslimadvocates.org

\* *Admitted* pro hac vice

**ATTORNEYS FOR PETITIONER-PLAINTIFF**

5

Ryan Raybould
United States Attorney

/s/ Brian W. Stoltz
Brian W. Stoltz
Assistant United States Attorney
Texas Bar No. 24060668
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone: 214-659-8626
Facsimile: 214-659-8807
brian.stoltz@usdoj.gov

**ATTORNEYS FOR RESPONDENTS/DEFENDANTS**

## CERTIFICATE OF SERVICE

I certify that, on November 18, 2025, a true and correct copy of the foregoing document was served on all counsel of record in accordance with the Federal Rules of Civil Procedure via this Court's electronic filing system.

*/s/ Travis Walker Fife*
Travis Walker Fife