IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LEQAA KORDIA, | § | |
| | § | |
| Petitioner-Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:25-cv-01072-L-BT |
| | § | |
| KRISTI NOEM, *et al.*, | § | |
| | § | |
| Respondents-Defendants. | § | |

## **ORDER**

Petitioner Leqaa Kordia filed an Expedited Motion for a Hearing (ECF No. 93) requesting a status conference to provide the Court with updates on Petitioner's health and recent hospitalization, and the purported impact of her hospitalization on this case. Mot. at 1–3 (ECF No. 93).

The Court declines to set a status conference at this time. However, the Court encourages counsel for both parties to meet and confer about Petitioner's access to counsel in the event she experiences another medical event.

The Court further notes that Petitioner has thus far declined to pursue any conditions of confinement claim in a separate civil action. *See Melot v. Bergami*, 970 F.3d 596, 599 (5th Cir. 2020) ("We have noted that a habeas petition 'is the proper vehicle to seek release from custody,' while a civil rights suit pursuant to 42 U.S.C. § 1983 for a state prisoner or under *Bivens* for a federal prisoner is 'the proper vehicle to attack unconstitutional conditions of confinement and prison

procedures.'") (internal citations omitted); *Beltran v. Wolf*, 473 F. Supp. 3d 688, 691 (N.D. Tex. 2020) ("A demand for release does not convert a conditions-of-confinement claim into a proper habeas request. In sum, 'allegations that challenge the fact or duration of confinement are properly brought in habeas petitions, while allegations that challenge rules, customs, and procedures affecting conditions of confinement are properly brought in civil rights actions.' It is well established in the Fifth Circuit that a detainee is not entitled to habeas relief if he raises civil rights claims related to the conditions of his confinement.") (internal citations omitted). Even so, the Court will permit Petitioner to file supplemental briefing by **March 9, 2026**, not exceeding 15 pages, on (i) the alleged impact of her recent hospitalization and diagnosis on the consolidated motions for preliminary injunction, ECF No. 13, and temporary restraining order, ECF No. 73, considering *Calley v. Callaway*, 496 F.2d 701, 702 (5th Cir. 1974) and *Mapp v. Reno*, 241 F.3d 221, 226 (2d Cir. 2001) and (ii) the effect of her confinement on her substantive due process claims for release.

Respondent may file a response, not exceeding 15 pages, 20 days after Petitioner files her supplemental briefing. After Respondent responds, briefing will be closed.

**SO ORDERED.**

February 17, 2026.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

2