IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **LEQAA KORDIA**, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. **3:25-cv-01072-L-BT** |
| § | |
| **KRISTI NOEM**, *et al.*, § | |
| § | |
| Respondents. § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Petitioner Leqaa Kordia's Emergency Renewed Motion for Temporary Restraining Order on Counts II & III of her Amended Habeas Petition (Doc. 98), filed March 6, 2026. After considering the motion, pleadings, evidence, and applicable law, the court **denies** Petitioner Leqaa Kordia's Emergency Renewed Motion for Temporary Restraining Order on Counts II & III of her Amended Habeas Petition (Doc. 98).

Petitioner Leqaa Kordia ("Petitioner" or "Kordia") filed this action on April 30, 2025, against Respondents Kristi Noem, Pamela Bondi, Todd Lyons, Josh Johnson, and Thomas Bergami (collectively, "Respondents") seeking, among other things, a writ of habeas corpus under 28 U.S.C. § 2241. Petitioner alleges that her continued detention violates the First Amendment, as well as her right to procedural and substantive due process. For relief, Petitioner seeks to be released from custody. Am. Pet. at 62–63 (Doc. 69). On March 6, 2026, the immigration court ordered a third bond hearing set to occur on March 10, 2026. Mot. for TRO at 2 (Doc. 98). Before the bond hearing is set to occur, Petitioner requests that the court issue injunctive relief in the form of an

emergency temporary restraining order prohibiting Respondents from invoking and executing the automatic and discretionary stay provisions. *Id.* at 1.

There are four prerequisites for the extraordinary relief of a temporary restraining order or preliminary injunction. To prevail, Plaintiffs must demonstrate: (i) a substantial likelihood of success on the merits; (ii) a substantial threat of immediate and irreparable harm for which it has no adequate remedy at law; (iii) that greater injury will result from denying the temporary restraining order than from its being granted; and (iv) that a temporary restraining order will not disserve the public interest. *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987); *Canal Authority v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974) (*en banc*). The party seeking such relief must satisfy a cumulative burden of proving each of the four elements enumerated before a temporary restraining order or preliminary injunction can be granted. *Mississippi Power and Light Co. v. United Gas Pipeline,* 760 F.2d 618, 621 (5th Cir. 1985); *Clark*, 812 F.2d at 993. Otherwise stated, if a party fails to meet *any* of the four requirements, the court cannot grant the temporary restraining order or preliminary injunction.

Having reviewed Petitioner's Emergency Renewed Motion for Temporary Restraining Order on Counts II & III of her Amended Habeas Petition, as well as the appendix submitted in support, the court does not see sufficient evidence that would precipitate the necessity of a temporary restraining order. Petitioner is not currently being detained under the automatic stay provision. Petitioner's contention that she will suffer irreparable harm because Respondents may invoke another automatic or discretionary stay is speculative. Given the pending bond hearing, the court concludes that Petitioner has failed to meet her burden of showing a substantial risk of irreparable harm for which she has no adequate remedy at law. For these reasons, the court **denies**

**Memorandum Opinion and Order - Page 2**

Petitioner's Emergency Renewed Motion for Temporary Restraining Order on Counts II & III of her Amended Habeas Petition (Doc. 98).

**It is so ordered** this 9th day of March, 2026.

Sam A. Lindsay
United States District Judge