IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **LEQAA KORDIA**, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. **3:25-cv-01072-L-BT** |
| | § | |
| **KRISTI NOEM**, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Leqaa Kordia ("Petitioner" or "Ms. Kordia") filed this federal habeas action under 28 U.S.C. § 2241, seeking release from immigration custody on grounds that her detention violated the First Amendment, as well as her rights to procedural and substantive due process. Am. Pet. at 62–63 (Doc. 69). An immigration judge recently ordered Petitioner released on a $100,000 bond, and, when Respondents did not invoke the automatic stay within the statutory period, Petitioner was released from immigration custody on March 16, 2026. Mot. for Extension at 1 (Doc. 101). For the following reasons, the court sua sponte **dismisses** this action **without prejudice as moot**.

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *United States Parole Cmm'n v. Geraghty*, 445 U.S. 388, 395 (1980). A case becomes moot and no longer presents a case or controversy if an event occurs during the pendency of the action "that makes it impossible for the court to grant 'any effectual relief whatever' to the prevailing party[.]" *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992); *see also Motient Corp. v. Dondero*, 529 F.3d 532, 537 (5th Cir. 2008)).

**Memorandum Opinion and Order - Page 1**

"Mootness is a jurisdictional question that the court has a duty to raise sua sponte." *United States v. Coleman*, 681 F. App'x 413, 415 (5th Cir. 2017) (per curiam); *see also Ramirez v. Lone Star Pediatrics, P.A.*, No. 3:23-cv-2035-L, 2014 WL 1281510, at *2 (N.D. Tex. Mar. 31, 2014) (Lindsay, J.) ("Mootness may be raised 'by any party at any time' because, if the controversy is moot, federal courts lack subject matter jurisdiction.") (quoting *Carr v. Saucier*, 582 F.2d 14, 15 (5th Cir. 1978) (per curiam)).

By this action, Petitioner challenged her detention in immigration custody, but she has now been released from custody. Therefore, the court cannot grant Petitioner the relief she seeks and dismissal of her petition as moot is proper. *See, e.g.*, *Chay v. Holder*, 470 F. App'x 406, 406–07 (5th Cir. 2012) (per curiam); *United States v. Boston*, 419 F. App'x 505, 506 (2011) (per curiam) ("If the only relief sought by [a petitioner] cannot be granted, the case is moot."); *Abanukam v. Barr*, No. 1:20-cv-00252-C, 2021 WL 6428327, at *1 (N.D. Tex. Oct. 12, 2021) (finding habeas petition moot because petitioner was released on his own recognizance) (Cummings, J.); *Ali v. McAleenan*, No. 3:19-cv-1662-B-BH, 2020 WL 1815793, at *2 (N.D. Tex. Mar. 23, 2020) (Ramirez J.) ("It is now undisputed that Petitioner has been released from ICE custody under an order of supervision pending his removal, which is essentially the relief he requested."), *adopted by* 2020 WL 1808628 (N.D. Tex. Apr. 9, 2020) (Boyle, J.).

Upon the court's review, no exceptions to the mootness doctrine apply to this case. First, the capable-of-repetition-yet-evading-review exception does not apply in this case because nothing suggests that, if detained again, Petitioner would be unable to fully litigate any claims at that time. *See Wilfredo R. v. Noem*, No. 3:25-cv-1702-D-BK, 2025 WL 3520307, at *3 (N.D. Tex. Nov. 4, 2025) (Toliver, J.), *adopted by* 2025 WL 3517779 (N.D. Tex. Dec. 8, 2025) (Fitzwater, J.). Indeed,

**Memorandum Opinion and Order - Page 2**

the law permits petitioners like Ms. Kordia to file successive petitions pursuant to 28 U.S.C. § 2241 under certain circumstances. *Ortiz-Lopez v. Fed. Bureau of Prisons, Dir.*, 830 F. App'x 127, 131 (5th Cir. 2020) (describing the abuse of writ doctrine which determines when successive petitions under § 2241 are subject to dismissal); *see also Gregory v. Waybourn*, No. 4:22-cv-1087-O, 2023 WL 4708004, at *1 (N.D. Tex. July 24, 2023) (O'Connor, J.) (noting that the abuse of writ doctrine allows courts to dismiss successive § 2241 petitions that raise grounds "identical to those raised and rejected *on the merits*" in a prior petition) (emphasis added) (citations omitted). Moreover, to the extent Petitioner challenges Respondents' authority to re-detain her pursuant to a final order of removal, the court would lack jurisdiction to hear that claim. *See* Am. Pet. at 63 (Doc. 69) (requesting that the court prohibit Petitioner's re-detention); 8 U.S.C. § 1252(g) ("[N]o court shall have jurisdiction to hear any cause or claim by . . . any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien[.]"). Thus, the capable-of-repetition-yet-evading-review exception is inapplicable to this case.

The voluntary cessation doctrine likewise does not apply. Respondents did not voluntarily cease Petitioner's alleged unconstitutional confinement in response to this litigation; rather, the detention concluded when an immigration judge ordered Petitioner released on bond. *See Etuk v. Bondi*, No. 3:24-cv-02640-B (BT), 2025 WL 1908738, at *4 (N.D. Tex. Apr. 22, 2025) (Rutherford, J.), *adopted by* 2025 WL 1908169 (N.D. Tex. July 10, 2025) (Boyle, J.). Further, any argument that Petitioner would be detained again because she allegedly exercised her First Amendment rights is highly speculative. *Id.* Therefore, the voluntary cessation doctrine has no application here.

**Memorandum Opinion and Order - Page 3**

Finally, the court finds no other basis in the Amended Petition that would allow the court to retain jurisdiction over this action. Any request for the court to "declare" that Petitioner's detention violated the First Amendment or Fifth Amendment is not a proper request in a habeas action. *See Jennings v. Rodriguez*, 583 U.S. 281, 325–26 (2018) (Thomas, J., concurring) ("Respondents' suit for declaratory and injunctive relief, in sum, is not a habeas petition."); *Willoughby v. Davis*, No. 2:18-cv-74-M, 2018 WL 10593637, at *1 (N.D. Tex. July 3, 2018) (Lynn, J.) ("A federal habeas corpus action is an improper proceeding in which to seek injunctive relief and damages. Federal habeas corpus remedies are to be used when challenging 'the fact or duration of [an inmate's] confinement.'") (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973)). Further, as the court has noted numerous times, a habeas corpus petition is not the proper vehicle to challenge unconstitutional conditions of confinement and prison procedures. *See* Order at 1–2 (Doc. 95) (citing *Melot v. Bergami*, 970 F.3d 596, 599 (5th Cir. 2020) and *Beltran v. Wolf*, 473 F. Supp. 3d 688, 691 (N.D. Tex. 2020)); Order at 1–2 (Doc. 68) (staying litigation as to Petitioner's claim under the Religious Freedom Restoration Act and citing *Barbosa v. Barr*, 502 F. Supp. 3d 1115, 1120 (N.D. Tex. 2020)); Findings, Conclusions, and Recommendation at 7, n.29 (Doc. 53) ("Petitioner's RFRA claims are likely not properly before the court in this habeas action.").

For the foregoing reasons, the court cannot grant Petitioner the relief that she seeks and **dismisses without prejudice** her Petition **as moot**.

**Memorandum Opinion and Order - Page 4**

**It is so ordered** this 19th day of March, 2026.

Sam A. Lindsay
United States District Judge